UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK M. MESSING,

    Plaintiff,

v                                                Case No.
                                                Judge:

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.
_____/

Gerald B. Zelenock, Jr. (P58836)
Bailor Bell (P79015)
JAY ZELENOCK LAW FIRM PLC
Attorneys for Plaintiff
309 East Front Street, Suite 300
Traverse City, MI 49684
Telephone: (231) 929-9529
jay@zelenocklaw.com
bailor@zelenocklaw.com

George R. Thompson (P29289)
Attorney for Plaintiff
THOMPSON O'NEIL PC
309 East Front Street
Traverse City, MI 49684
 (231) 929-9529
thompson@thompsononeillaw.com

_____/

**PLAINTIFF MARK M. MESSING'S COMPLAINT AGAINST PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY**

        There was a prior action between these parties, which was filed in Grand Traverse County Circuit Court and assigned to Honorable Thomas G. Power. *Messing v Provident Life and Accident Insurance Company*, Case No. 99-19217-CK; and then removed to this Court: *Messing v Provident Life and Accident Insurance Company*, United States District Court for the Western District of Michigan Southern Division, Case No. 5:99 CV 94, and assigned to Honorable David W. McKeague.

NOW COMES Plaintiff Mark M. Messing, by and through his attorneys, Jay Zelenock Law Firm PLC and Thompson O'Neil PC, and complains of Defendant Provident Life and Accident Insurance Company as follows:

## Jurisdiction, Venue and Factual Background

1. Plaintiff Mark M. Messing is a resident of Grand Traverse County, Michigan.

2. Defendant Provident Life and Accident Insurance Company ("UNUM") is a Tennessee Corporation authorized to sell disability insurance in the State of Michigan, and conducts business in Grand Traverse County, Michigan.

3. Plaintiff Mark Messing worked as a full-time trial attorney managing personal injury cases for approximately 19 years in the 1980s and 1990s.

4. Relatively early in his career, on or about August 1, 1985, Plaintiff Messing purchased an "own occupation" long-term disability ("LTD") insurance policy from Defendant UNUM.

5. The LTD policy in issue expressly provides for the payment of LTD benefits "for life," in the event that Mr. Messing suffered total disability from his "own occupation" due to injuries or sickness occurring before age 60.

6. Plaintiff Messing maintained the policy in full force and effect with all applicable premiums paid up through the date of his total disability from his occupation due to major depression on or about January 2, 1997, as determined by Defendant UNUM.

7. Plaintiff Messing's total disability from his occupation occurred before he reached age 60. He was 43 years-old on January 2, 1997.

8. Plaintiff Messing has remained totally disabled from his occupation since January 2, 1997.

9. Despite selling an insurance policy promising to pay LTD benefits "for life" in the event of total disability before age 60, Defendant UNUM endeavored to cut-off benefits to Plaintiff Messing as he approached age 65.

10. Toward that end, UNUM hired investigators to conduct surveillance of Mr. Messing as he approached social security eligibility and age 65 – neither of which are properly relevant under the language of the LTD policy in issue.

11. When the surveillance by investigators failed to turn up any basis to cut-off benefits, Defendant UNUM hired a defense medical examiner to offer a retained "expert" opinion that Plaintiff Messing was allegedly "no longer disabled" after 20+ years of disabling major depression in order to assist Defendant UNUM in its plan to cut-off the LTD benefits, contrary to the language of the LTD policy in issue and controlling Sixth Circuit precedent.

12. All of the competent medical and vocational evidence supports that Plaintiff Messing is totally disabled from his occupation as a full-time trial attorney managing a personal injury case load.

13. Defendant UNUM's plan and decision to cut-off LTD benefits in this case was arbitrary, capricious and in bad faith.

14. A copy of the LTD policy is attached as **Exhibit "A."**

15. The amount in controversy is more than Seventy-Five Thousand Dollars ($75,000), exclusive of costs, interest, and attorney fees and jurisdiction and venue are otherwise proper in this Court under 28 USC § 1331 and 1332.

**Additional Facts: History of Disability**

16. The allegation of paragraphs 1-15 are repeated here.

17. During November 1993, Plaintiff Messing saw his family physician to address issues that the physician attributed to clinical depression. Plaintiff Messing was placed on appropriate medication and continued in his occupation as a trial lawyer.

18. Through December 31, 1996, Plaintiff continued to suffer from depression and treated periodically with his family physician.

19. During the period from 1993 through 1997, Plaintiff Messing's condition and illness progressively became worse, and it became more difficult to continue in his occupation of trial lawyer, as he experienced progressively more severe symptoms of depression.

20. On January 2, 1997, Plaintiff Messing was hospitalized at Munson Medical Center in Traverse City and admitted for in-patient treatment of "major depression, recurrent, severe, without psychosis."

21. In 1998, Plaintiff was forced to close his law office and give up his occupation as a trial lawyer because, due to his illness, he was unable to manage the daily affairs of a trial lawyer and did not believe he could satisfy his obligations under the legal code of ethics, due to his illness and emotional condition.

22. Subsequently, Plaintiff applied to the Defendant UNUM for payment of LTD insurance benefits in accordance with the policy terms.

23. Defendant conducted a review of Plaintiff's residual disability claim and concluded on September 18, 1998, that Mr. Messing became disabled, due to depression, on January 2, 1997.

24. Within two months, Defendant demanded that Mr. Messing submit to an examination by a psychologist and a psychiatrist retained by its claims department.

25. Defendant's own retained professionals offered opinions that Mr. Messing was cooperative during their independent medical examination, and concluded that Plaintiff Messing suffered from depression which was chronic and triggered by stress.

26. Nevertheless, Defendant's retained experts opined that Plaintiff Messing was capable of gainful employment "including employment in the legal profession."

27. Plaintiff and his treaters disagreed. Plaintiff filed a case in the Grand Traverse County Circuit Court, which was subsequently removed to the United States District Court for the Western District of Michigan, where the case was assigned to the Honorable David W. McKeague.

28. Judge McKeague ruled that the case was subject to de novo review in an Opinion and Order dated April 5, 2000. (Exhibit B).

29. The case was amicably resolved and dismissed August 2, 2000.

30. Plaintiff Messing has remained totally disabled from his occupation under the terms of the LTD policy since 2000.

31. In recognition of these facts, Defendant UNUM paid LTD benefits owed under the LTD policy to Plaintiff Messing from 2000 – October 2018.

32. In October 2018, Defendant demanded that Mr. Messing again submit to an examination by a psychiatrist retained by its claims department.

33. Defendant's medical examiner reached a diagnosis for Mr. Messing of "major depression in remission."

34. Based on the report prepared by Defendant's retained professional, on or about October 26, 2018, Defendant denied further claims stating Mr. Messing's condition (then age 65 and having not practiced law for the past approximately 20 years) supposedly "does not result in a restriction or limitations and would prevent [Mr. Messing] from performing the substantial and material duties of [Mr. Messing's] occupation on a full time basis."

35. Plaintiff Messing subsequently filed an internal appeal of Defendant's denial of LTD benefits, providing current proof of his disability.

36. Defendant's appeals department denied Plaintiff's appeal on May 21, 2019, leaving Plaintiff to turn to the court for review.

37. Plaintiff Messing has exhausted his administrative and internal appeal and review remedies, prior to filing the present action in this honorable Court.

38. Plaintiff Messing remains totally disabled from his occupation as a full-time trial lawyer litigating a personal injury case load.

## Policy Provisions

39. The allegation of paragraphs 1-38 are repeated here.

40. In pertinent part, the policy purchased by Mr. Messing provided that it would replace part of his income in the event that **"you are not able to perform the substantial and material duties of your occupation; and you are under the care and attendance of a physician."** This definition was improved to include **"You are receiving care by a Physician which is appropriate for the condition causing the disability. We will waive this requirement when continued care would be of no benefit to you."** (Pg. 2 of April 1990 "Outline of Improvements").

6

41.     The policy defined "your occupation" to mean "**the occupation (or occupations, if more than one) in which you are regularly engaged at the time your become disabled.**"

42.     The policy further provided that **"Your ability to engage in any occupation will not matter. Pays even if you can work."**

43.     Pursuant to the policy, the Defendant was required to pay Plaintiff disability insurance benefits so long as he remained disabled from the occupation of full-time trial lawyer managing a personal injury case load.

44.     Plaintiff Messing remains totally disabled from his occupation as a full-time trial attorney managing a personal injury case load.

## Breach of Contract: Violation of ERISA

45.     The allegation of paragraphs 1-44 are repeated here.

46.     "An ERISA plan, not the participant, has the burden of proving an exclusion applies to deny benefits." *McCartha v Natl City Corp*, 419 F3d 437, 443 (6th Cir 2005) (citing *Caffey v Unum Life Ins Co,* 302 F3d 576, 580 (6th Cir 2002).

47.     Defendant discontinued paying benefits to Plaintiff on October 26, 2018.

48.     Defendant's denial of LTD benefits is unreasonable, unsupported by the facts, and constitutes a violation of the Employee Retirement Income Security Act of 1974, 502(c), 29 U.S.C. § 1132.

49.     Defendant's denial of LTD benefits under the circumstances presented here is arbitrary, capricious and in bad faith.

50. Plaintiff has complied with the contract provisions of Defendant's policy in all respects, and proper documentation of Plaintiff's claim has been provided to the Defendant.

51. Plaintiff filed an internal appeal of Defendant's denial, providing current proof of his disability.

52. Defendant's appeals department denied Plaintiff's appeal on May 21, 2019, stating that Defendant "has completed our review of [Mr. Messing's] appeal. No further review is available and his appeal is now closed."

53. Plaintiff has exhausted his plan appeals procedures and files the instant action pursuant to 29 U.S.C. § 1132 to recover benefits due, and enforce as well as clarify his rights under the terms of Defendant's policy and the Employee Retirement Income Security Act.

54. Pursuant to 29 USC § 1132(g)(1), Plaintiff requests an award of attorney's fees and costs due to Defendant's bad faith denial of benefits.  See Sec'y of Dept of Labor v King, 775 F2d 666, 669 (6th Cir 1985).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of the Plaintiff and against Defendant in whatever amount the Court deems just and equitable, including allowable attorney fees, costs and interest.

Dated: 4/23/20

*/s/ Gerald B. Zelenock Jr.*
Gerald B. Zelenock Jr. (P58836)
Attorney for Plaintiff
JAY ZELENOCK LAW FIRM PLC
309 East Front Street
Traverse City, MI 49684
(231) 929-9529
jay@zelenocklaw.com

Dated: 4/23/20                      */s/ George R. Thompson*
                                          George R. Thompson (P29289)
                                          Attorney for Plaintiff
                                          THOMPSON O'NEIL PC
                                          309 East Front Street
                                          Traverse City, MI 49684
                                          (231) 929-9529
                                          thompson@thompsononeillaw.com